UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JUSTIN HUTCHINSON | CIVIL ACTION NO. 24-cv-1532 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COREY REED ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Justin Hutchinson ("Plaintiff") filed this civil rights action in state court against corrections officer Corey Reed and the Louisiana Department of Public Safety and Corrections ("DOC"). The DOC removed the case based on an assertion of federal question jurisdiction. Before the court is Plaintiff's Motion to Remand (Doc. 6) on the grounds that (1) Reed did not join in or consent to the removal and (2) no federal claim was asserted against the DOC, the party that removed the case based on federal question. For the reasons that follow, it is recommended that the motion to remand be denied.

**Relevant Facts**

Plaintiff, who is represented by counsel, alleged in his state court petition that he was in the infirmary at the David Wade Correctional Center, sitting in a chair in full restraints, when he was attacked from behind by Master Sgt. Corey Reed. Plaintiff alleged that Reed punched him in the face multiple times and knocked him to the floor. Capt. Sullivan (not a defendant) then allegedly held Plaintiff down and let Reed punch Plaintiff multiple times in the face. Another officer is said to have stopped the attack. Plaintiff

alleged that he suffered injury to his eye socket, a fractured nose, loose teeth, and a damaged right shoulder that required surgery. Plaintiff alleged that Reed attacked him again three days later.

Plaintiff's petition named as defendants Corey Reed and the DOC. The description of the DOC stated that it "is sued for its vicarious liability for state law claims." The petition alleged that the use of force was excessive "under the 8th Amendments," and the first count or claim set forth in the petition specifically stated that Plaintiff "seek relief pursuant to 42 U.S.C. § 1983." The petition alleged that "Defendants" violated Plaintiff's Eighth Amendment right to be free of excessive force. Petition, ¶ 33. Other allegations in the Section 1983 count also allege that "Defendants" acted unlawfully.

The petition's second claim invoked battery/negligence under Louisiana law. The third claim invoked the doctrine of respondeat superior with respect to tort claims and conceded, "This claim does not extend to federal claims."

The DOC filed a notice of removal based on an assertion that the court has jurisdiction pursuant to federal question under 28 U.S.C. § 1331. The notice stated that the DOC had been served, but defendant Reed "has not been served at the time of removal." ¶ 6. Reed did not join in or consent to the removal.

**Analysis**

    **A. No Consent from Reed**

Plaintiff argues that remand is required because Reed did not join in or consent to the removal. There are a number of special removal statutes, but the general provision is found in 28 U.S.C. § 1441(a), which states that any civil action brought in a state court

over which the federal district courts have original jurisdiction may be removed by the defendant or the defendants to the district court for the district and division embracing the place where the state court suit is pending.

The procedural requirements for removal are found in 28 U.S.C. § 1446. It requires the removing defendant(s) to file a notice of removal within 30 days after receipt of service of the initial pleading. When a civil action is removed solely under Section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Section 1446(b)(2)(A). Proper, formal service is required to trigger a defendant's obligation to join in or consent to removal. Coleman v. Burlington Ins. Co., 2024 WL 3843029, *2 (W.D. La. 2024).

Was Reed served at the time of removal? The DOC represented in Paragraph 6 of its notice of removal that Reed "has not been served at the time of removal." Its memorandum in opposition to the motion to remand repeated the assertion that Reed "has not been served" and cited to Doc. 1-2, p. 16 without explanation. That document is a service return that was issued when the case was in state court. Its meaning requires some explanation.

Plaintiff's petition asked the clerk to serve two citations. The first was designated for the DOC at an address in Baton Rouge, and the second was for M. Sgt. Corey Reed *and* DOC Secretary James LeBlanc "through Rhonda Weldon" at the DOC. The court is aware from other cases that there is an arrangement for the DOC to accept service through Ms. Weldon, who is employed at the DOC Legal Office, for current DOC employees. If an employee has left DOC employment or their employment cannot be verified, Ms. Weldon

will refuse to accept service for them. The service return cited by the DOC indicates that the deputy served Ms. Weldon with the citation prepared for Reed and the Secretary, but Reed's name was struck through. The DOC has not explained what happened, but it appears likely that Ms. Weldon refuse to accept service for Reed, which led to his name being struck through on the citation.

As discussed above, "[b]y its terms, § 1446(b)(2)(A) does not impose any requirements on defendants who were not properly served." Shakouri v. Davis, 923 F.3d 407, 410 (5th Cir. 2019). The record includes a representation by the DOC that Reed has not been served, and that is supported by his name being struck through on the citation that was served on Ms. Weldon. Plaintiff has not presented any other evidence that Reed was served prior to the filing of the notice of removal. There is, therefore, no showing that the removal is subject to a procedural deficiency due to the lack of consent or joinder by a properly served defendant.

### B. No Federal Claim Against the DOC

Plaintiff's motion to remand also argues that the only defendant against whom a federal claim was filed is Corey Reed, and Reed has not joined in the removal. Plaintiff contends that only state law claims were asserted against the DOC. The motion is not clear, but these statements imply an argument that only a defendant against whom a federal claim is asserted may remove a case based on federal question jurisdiction.

The removal statutes do not appear to include any such limitation. A civil action over which the district courts have original jurisdiction "may be removed by the defendant or the defendants" to the federal district court. 28 U.S.C. § 1441(a). Section 1446 sets

forth the procedure for removal by a "defendant or defendants" with the obligation to remove commencing from service. Whether a civil action is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. Manyweather v. Woodlawn Manor, Inc., 40 F.4th 237, 242 (5th Cir. 2022). If a case is removed based on a federal claim, the federal court may exercise supplemental jurisdiction over state law claims that are part of the same case or controversy. 28 U.S.C. § 1367(a).

Nothing in the removal statutes or any jurisprudence cited by Plaintiff limits the right to remove based on federal question to a defendant against whom a federal claim is directly asserted. If a federal claim appears in the plaintiff's complaint, any defendant may remove it. Madsen v. City of Lincoln, 2021 WL 2783749, *3 (D. Neb. 2021) ("Even assuming no federal claim was alleged against the County Defendants, they are 'defendants' and are permitted to remove a complaint alleging federal claims to the federal court."); Air Liquide Mexico S. de R.L. de C.V. v. Talleres Willie, Inc., 2014 WL 2526914, *3 (S.D. Tex. 2014) (defendant was entitled to remove case even though the federal claim was not directed at it); Smith v. Smart Buy Homes, 2008 WL 5122840, *1 (W.D. Okla. 2008) ("That the federal claim was brought against a defendant other than the one who initiated the removal is immaterial."); Cartwright v. Thomas Jefferson University Hosp., 99 F.Supp.2d 550, 553 (E.D. Pa. 2000) ("[I]f a case is removable, any defendant, including a defendant not named in any federal-law count, must be permitted to file a notice of removal."); and Solis v. Chase Bank USA, N.A., 2006 WL 487855 (W.D. Tex. 2006)

(removal on federal question jurisdiction proper by a defendant against whom the federal question claim was not alleged).

Furthermore, while Plaintiff's petition states that the DOC is sued for its vicarious liability for state law claims, it does not say that is the only claim against the DOC. The petition also alleges excessive force in violation of the Eighth Amendment, questions whether there was a relevant policy or practice in place at David Wade Correctional Center, and squarely alleges in multiple places that "Defendants" (plural) violated Plaintiff's Eighth Amendment rights. Petition, ¶¶ 27, 28, 33 & 36-37. Plaintiff has not demonstrated that this is a basis to grant remand.

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 6) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of January, 2025.

                                          Mark L. Hornsby
                                          U.S. Magistrate Judge