UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JUSTIN HUTCHINSON                           CIVIL ACTION NO. 24-1532

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

COREY REED, ET AL.                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff Justin Hutchinson ("Hutchison"). See Record Document 12. Specifically, Hutchison asks the Court to strike the seven affirmative defenses asserted by the State of Louisiana, acting through the Louisiana Department of Public Safety & Corrections ("DPS&C"). See id. DPS&C opposed. See Record Document 19. Hutchison replied. See Record Document 21. For the reasons stated below, Hutchison's Motion for Partial Summary Judgment (Record Document 12) is **DENIED**.

**BACKGROUND**

On February 13, 2024, Hutchison was an inmate housed at the David Wade Correctional Center ("DWCC"). See Record Document 1-2 at ¶ 5. On that same date, he alleges that Defendant Master Sergeant Corey Reed ("M.Sgt. Reed") was employed at DWCC, in the course and scope of his job duties, and acted under color of state law while he was working on the premises of DWCC. See id. at ¶ 6. On February 13, Hutchison claims that M.Sgt. Reed, unprovoked, punched him in the face multiple times and threw or knocked him to the floor. See id. at ¶ 10. Hutchison asserts that when he asked M.Sgt. Reed why he had been attacked, Captain Sullivan intervened. See id. at ¶ 11. Captain

Sullivan allegedly either held Hutchison down and let M.Sgt. Reed punch him multiple times in the face or saw the attack and tried to intervene. See id. at ¶ 12–13. He claims Captain Eddie Kennedy ("Captain Kennedy") stopped the attack. See id. at ¶ 14. In his Complaint, Hutchison asserts three causes of action: (1) § 1983 violation of civil rights; (2) battery/negligence; and (3) respondeat superior. See id. at ¶¶ 33–41.

## LAW AND ANALYSIS

**I. Partial Summary Judgment.**

The Fifth Circuit provides, "A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F. 3d 701, 737 (5th Cir. 2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F. 2d 1408, 1415 (5th Cir. 1993).

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trail that would result in

the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2553). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). There is no genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the moving party…." Id.

## II. Summary of the Arguments.

Hutchison argues that DPS&C's seven affirmative defenses should be stricken on summary judgment. See Record Document 12 at 2. The seven affirmative defenses include the following: (1) failure to exhaust; (2) qualified immunity; (3) failure to mitigate; (4) Heck bar; (5) general denial; (6) no negligence on the part of the state; and (7) third party fault. See id. Hutchison discusses each defense in turn.

With respect to failure to exhaust, he asserts that DPS&C has no factual basis for this defense. See Record Document 12-2 at 9. As to qualified immunity, he contends that this defense does not apply because there were no federal claims pled against DPS&C, and respondeat superior does not apply to federal claims. See id. Regarding the failure to mitigate defense, Hutchison submits that DPS&C has failed to support this defense

3

with any proof. See id. at 14. With respected to the Heck bar defense, he advances that DPS&C cannot offer any evidence that this case poses a challenge to the underlying conviction or sentencing in this matter. See id. As to general denial, Hutchison asserts that his respondeat superior claim immediately follows his negligence claims, and he has alleged that M.Sgt. Reed was a state actor in the course and scope of employment at the time of the tortious conduct. See id. at 15. Regarding the third-party fault defense, he argues DPS&C lacks any evidence to support such a defense. See id. at 19.

DPS&C opposes, asserting that all affirmative defenses pled are relevant and supported by both facts and law. See Record Document 19 at 1. DPS&C submits that a motion to strike is the appropriate procedural method to object to affirmative defenses instead of a motion for partial summary judgment. See id. at 2. However, even if the Court treats the instant Motion as a Motion to Strike and acts on its own, the Motion to Strike would be untimely. See id. at 3. DPS&C's Answer, Defenses, and Jury Demand was filed on November 14, 2024. See id. Hutchison's Motion was filed on January 23, 2025, well beyond 21 days after being served with the Answer. See id. Thus, DPS&C argues the Motion is untimely. See id. Additionally, DPS&C advances that Hutchison is unable to show that any of the affirmative defenses are immaterial or do not bear on the subject matter of the litigation. See id. at 4. Furthermore, DPS&C argues he cannot show any prejudice arising from the affirmative defenses as asserted. See id. DPS&C asserts that even if the Court considers Hutchison's Motion for Partial Summary Judgment to be the appropriate method to object to affirmative defenses, there are genuine issues of material fact. See id.

Hutchison replies, averring that since DPS&C failed to file a separate denial of the statements of fact, all facts must be deemed admitted. See Record Document 21 at 1. Additionally, he argues that affirmative defenses can be properly disposed of by summary judgment. See id. at 2. He reiterates that DPS&C has no factual basis for its defenses, and thus, he is entitled to partial summary judgment. See id. at 3–5.

**III. Analysis.**

Federal Rule 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Court agrees with DPS&C that Hutchison's requested relief is more properly suited in a motion to strike instead of a motion for partial summary judgment. Hutchison asks the Court to strike all seven affirmative defenses because they lack factual support rather than providing additional evidence demonstrating that no genuine issues of material fact exist.

Even if the Court chose to consider Hutchison's Motion as a Motion to Strike, it would be untimely. Federal Rule 12(f) states "that a court may strike an insufficient defense (1) on its own; or (2) 'on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.'" Asante-Chioke v. Dowdle, No. 22-4587, 2024 WL 2863379, at *3 (E.D. La. June 6, 2024). DPS&C filed its Answer on November 13, 2024. See Record Document 5. Hutchison did not move to strike the affirmative defenses until January 23, 2025, which is well beyond the 21-day time limitation. See Record Document 12. Thus, even if the Court chose to consider his Motion as a Motion to Strike, it would be denied as untimely.

Even if timeliness was not an issue, Hutchison's Motion to Strike would fail on the merits. "The decision to grant or deny a motion to strike lies within the sound discretion of the trial court." Dowdle, 2024 WL 2863379, at *2. Furthermore, "motions to strike under Rule 12(f) are disfavored and 'should be use sparingly by the courts' because they are considered a 'drastic remedy to be resorted to only when required for the purposes of justice.'" Id. (quoting Pan-Am. Life Ins. Co. v. Gill, No. 89-5371, 1990 WL 58133, at *2 (E.D. La. Apr. 27, 1990) (internal quotations omitted)). A motion to strike requires "the moving party…[to] make a showing of prejudice before [it] is granted." Id.

In the instant case, DPS&C's affirmative defenses "are typical and appropriate given the claims [Hutchison] brings." Oliver v. Military Dep't, No. 22-356, 2023 WL 2700709, at *2 (M.D. La. Mar. 29, 2023). Hutchison fails "to demonstrate that the affirmative defenses could not be supported by developed facts, nor has [he] shown that the defenses are impossible, immaterial, scandalous, or any way prejudicial." Id. Therefore, even if timeliness was not an issue, his Motion to Strike would fail on the merits.

Furthermore, if the Court chose to consider Hutchison's Motion as an appropriate Motion for Partial Summary Judgment, he has failed to provide sufficient evidence showing that there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. He merely states DPS&C has no factual basis to support its affirmative defenses. These conclusory assertions do not meet the standard for summary judgment. Additionally, the parties have not held a Rule 26(f) conference or exchanged initial disclosures. Since future discovery may aid in fleshing out these arguments, partial summary judgment is improper at this early stage of the litigation.

6

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Hutchison's Motion for Partial Summary Judgment (Record Document 12) is **DENIED**.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 16th day of April, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE