**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JUSTIN HUTCHINSON | CIVIL ACTION NO. 24-1532 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| COREY REED, ET AL. | MAGISTRATE JUDGE HORNSBY |

# **MEMORANDUM RULING**

The State of Louisiana, through the Department of Public Safety and Corrections ("DPSC"), filed a partial Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c). Record Document 65. For the following reasons, the motion is **GRANTED**. All federal claims against DPSC are **DISMISSED WITH PREJUDICE**. The only claim remaining against DPSC is vicarious liability for state law causes of action against one of its employees, Corey Reed ("Reed"). A separate order consistent with this ruling will be issued.

## **Analysis**

Justin Hutchinson ("Hutchinson"), an inmate at David Wade Correctional Center ("David Wade"), filed a petition for damages that named DPSC and Reed as defendants. Record Document 1-2 at 2. In his petition, Hutchinson alleged that Reed was an employee of DPSC who worked at David Wade. *Id.* On February 13, 2024, according to Hutchinson, he was in full restraints and seated in the infirmary when Reed purportedly punched him in the face multiple times. *Id.* at 3.

The petition included three claims for relief. Record Document 1-2 at 6-8. The petition asserted a cause of action under Louisiana law for battery, or in the alternative, negligence. *Id.* at 7. The petition specifically named Reed as the defendant in his state law claim. *Id.* ("…M.Sgt. COREY REED was negligent or committed a battery."). The petition also stated a vicarious liability claim against DPSC under Louisiana's doctrine of respondeat superior. *Id.* The petition pleaded that DPSC is responsible for the violations of state law committed by its employee, Reed. *Id.* Furthermore, the petition included the disclaimer: "This [vicarious liability] claim does not extend to federal claims." *Id.*

The final claim for relief, and the one relevant here, asserted a cause of action under 42 U.S.C. § 1983. *Id.* at 6. The petition alleged that a violation of Hutchinson's Eighth Amendment right to be free from unnecessary or excessive force occurred. *Id.* Unlike the other two causes of action, though, the § 1983 action did not identify a specific defendant. *See generally id.* Instead, throughout the claim for relief, the petition referred to the defendants jointly and always in the plural form. *Id.*

For example, Paragraph 33 stated that "*Defendants* violated the Plaintiff's 8th Amendment right…." Record Document 1-2 at 6 (emphasis added). Paragraph 36 pleaded: "The conduct of the *Defendants* was extreme and outrageous." *Id.* (emphasis added). And Paragraph 37 asserted that "*Defendants* acted in a manner that was in wanton or reckless disregard…." *Id.* (emphasis added).

In the pending motion, DPSC asked for a judgment on the pleadings and dismissal of the § 1983 cause of action against it. Record Document 65 at 1. A motion

for judgment on the pleadings uses the same standard as a motion to dismiss. *Pena v. City of Rio Grande*, 879 F.3d 613, 618 (5th Cir. 2018). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). And bare "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Liability under § 1983 applies to "persons" who deprive others of constitutional rights. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* This court has held that the Louisiana Department of Public Safety and Corrections is not a person for purposes of § 1983 and federal claims against it must be dismissed. *Haynes v. Zordan*, No. 25-0801, 2025 WL 2437252, at *9 (W.D. La. Aug. 5, 2025) *report and recommendation adopted by* 2025 WL 2435957 (W.D. La. Aug. 22, 2025).

Hutchinson does not dispute that DPSC is not a person under § 1983. *See generally* Record Document 67. Instead, Hutchinson contends that the petition did not assert a federal claim against DPSC. *Id.* at 1. Hutchinson points to a phrase that purportedly limited the scope of his claims against DPSC. *Id.* at 3. In the petition's introduction, Hutchinson named DPSC as a defendant then stated DPSC was "sued for its vicarious liability for state law claims." Record Document 1-2 at 2.

Although Hutchinson may not have meant to assert a § 1983 against DPSC, his petition did precisely that. Throughout the § 1983 claim for relief, the petition referred to "defendants" and not "Reed" or "defendant." *See* Record Document 1-2 at

6. Because the petition used the plural form "defendants," however inadvertent, it asserted a joint cause of action against both Reed and DPSC.

Having determined that Hutchinson's petition asserted a § 1983 claim against DPSC, that federal cause of action must be dismissed. *Authorlee v. Franklin Par. Det. Ctr.*, No. 19-781, 2019 WL 4458588, at *3 (W.D. La. Aug. 27, 2019) ("[T]he Louisiana Department of Public Safety and Corrections is not a person under Section 1983.") *report and recommendation adopted by* 2019 WL 4463320 (W.D. La. Sept. 17, 2019).

**Conclusion**

For the above reasons, the partial Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12 (c), Record Document 65, is **GRANTED**. All federal claims against DPSC are **DISMISSED WITH PREJUDICE**. The only claim remaining against DPSC is vicarious liability for the state law causes of action alleged against Reed. A separate order consistent with this ruling will be issued.

**DONE AND SIGNED** at Shreveport, Louisiana, this 29th day of September, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE